UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

1:14CV683

| | |
|---|---|
| JONMOR INVESTMENTS, INC., <br> 3411 Silverside Road <br> Wilmington, Delaware 19810 <br><br> and <br><br> JOHN MORRELL & CO., <br> 805 East Kemper Road <br> Cincinnati, Ohio 45246 <br><br> Plaintiffs, <br><br> vs. <br><br> J&B SAUSAGE COMPANY, INC., <br> 100 Main Street <br> Waelder, Texas 78959 <br><br> Defendant. | J. BLACK <br><br><br><br><br><br> COMPLAINT FOR <br> TRADEMARK INFRINGEMENT <br><br> JURY TRIAL DEMANDED |

Plaintiffs Jonmor Investments, Inc., ("Jonmor") and John Morrell & Co., ("John Morrell")(collectively "Plaintiffs") by and through their undersigned counsel, for their Complaint against defendant J &B Sausage Company, Inc. ("Defendant"), state, on knowledge as to their own actions, and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. This is an action for infringement of Jonmor's federally-registered trademarks SMOKED FOR HOURS READY IN MINUTES under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), arising from Defendant's unauthorized use of the mark

SMOKED FOR HOURS READY IN MINUTES in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale and/or sale of Defendant's chicken thighs.

2. Plaintiffs seek injunctive and monetary relief.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b) in that this trademark infringement case arises under the federal Lanham Act, 15 U.S.C. §§ 1114 et seq.

4. This Court has personal jurisdiction over Defendant because Defendant regularly transacts business in this judicial district through, among other things, its sales and distribution of products into this district.

## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

6. Plaintiff Jonmor is a Delaware corporation with a principal place of business at 103 Baynard Building, 3411 Silverside Road, Wilmington, Delaware 19810.

7. Plaintiff John Morrell is a Delaware corporation with a principal place of business at 805 East Kemper Road, Cincinnati, Ohio 45246.

8. Upon information and belief, Defendant is a Texas corporation with its principal place of business at 100 Main Street, Waelder, TX 78959.

## FACTUAL BACKGROUND

9. Plaintiff Jonmor is the owner of valid and subsisting United States Trademark Registration No. 3,951,113 on the Principal Register in the United States Patent and Trademark

2

Office for the trademark SMOKED FOR HOURS READY IN MINUTES for poultry. Attached as Exhibit 1 is a true and correct copy of the registration certificate for the above mark, which was issued by the United States Patent and Trademark Office on April 26, 2011. Jonmor is also the owner of valid and subsisting United States Trademark Registration No. 3,641,131 on the Principal Register in the United States Patent and Trademark Office for the trademark SMOKED FOR HOURS, READY IN MINUTES for meat and pork, for which a Section 8 renewal and Section 15 Petition for Incontestability were filed on August 18, 2014. Attached as Exhibit 2 is a true and correct copy of the registration certificate for the above mark, which was issued by the United States Patent and Trademark Office on June 16, 2009. The foregoing trademarks are referred to herein together as the "Marks".

10. Plaintiff John Morrell is the exclusive licensee of the Marks from Jonmor, and has used the Marks in commerce throughout the United States continuously since at least October 2007 in connection with the manufacture, distribution, offering for sale, sale, marketing, advertising and promotion of poultry and meat. Attached hereto as Exhibit 3 are representative samples of packaging and promotional materials showing John Morrell's use of the Marks in connection with these goods.

11. As a result of the widespread, continuous and exclusive use of the Marks, Jonmor owns valid and subsisting federal statutory and common law rights to the Marks.

12. Jonmor's Marks are distinctive to both the consuming public and Plaintiff's trade.

13. Plaintiffs have expended substantial time, money and resources marketing, advertising and promoting the poultry and meat sold under the Marks, including through John Morrell's marketing, advertising and promotional efforts under the Marks.

14. The poultry and meat that Plaintiffs offer under the Marks are of high quality.

15. As a result of Plaintiffs' expenditures and efforts, the Marks have come to signify the high quality of the meat and poultry designated by the Marks, and acquired incalculable distinction, reputation and goodwill belonging exclusively to Jonmor.

16. Upon information and belief, Defendant is engaged in the production and distribution of poultry and other meat products.

17. Without Jonmor's authorization, and upon information and belief, beginning after Jonmor acquired protectable exclusive rights in it the Marks, Defendant adopted and began using a mark nearly identical to Jonmor's SMOKED FOR HOURS READY IN MINUTES mark (hereinafter, the "Infringing Mark") in US commerce.  Attached as Exhibit 4 is a photograph of Defendant's product packaging displaying the Infringing Mark.

18. The Infringing Mark adopted and used by Defendant is confusingly similar to Jonmor's Marks.

19. Upon information and belief, Defendant has been engaged in the manufacture, distribution, advertising, promotion, offering for sale and sale of poultry and meat using the Infringing Mark.

20. Upon information and belief, the goods Defendant is manufacturing, distributing, marketing, advertising, promoting, offering for sale and selling under the Infringing Mark include smoked chicken thighs.

21. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendant's chicken thighs and have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's chicken thighs originate from, are associated or affiliated with, or otherwise authorized by Jonmor or its licensee John Morrell.

22. Upon information and belief, Defendant's acts are wilful with the deliberate intent to trade on the goodwill of Jonmor's Marks, cause confusion and deception in the marketplace and divert potential sales of Plaintiffs' goods to the Defendant.

23. Defendant's acts are causing, and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiffs and to their valuable reputation and goodwill with the consuming public for which Plaintiffs have no adequate remedy at law.

**COUNT ONE**
**(Federal Trademark Infringement)**

24. Plaintiffs repeat and re-allege paragraphs 1 through 23 hereof, as if fully set forth herein.

25. Defendant's unauthorized use in commerce of the Infringing Mark as described herein is likely to cause confusion, mistake or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

26. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Jonmor's prior rights in the Marks and with the wilful intent to cause confusion and trade on Plaintiff's goodwill.

27. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs have no adequate remedy at law.

28. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### (Federal Unfair Competition and False Designation of Origin)

29. Plaintiffs repeat and re-allege paragraphs 1 through 28 hereof, as if fully set forth herein.

30. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

31. Defendant's conduct as alleged herein is wilful and is intended to and is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiffs.

32. Defendant's conduct as alleged herein is intended to and is likely to cause confusion, mistake or deception as to the origin, source, sponsorship, or affiliation of the Defendant's good.

33. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs have no adequate remedy at law.

35. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**WHEREFORE**, Plaintiffs request judgment against Defendant as follows:

1. That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. Granting an injunction and permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise from:

   a. manufacturing, distributing/providing, selling, marketing, advertising, promoting or authorizing any third party to manufacture, distribute/provide, sell, market, advertise or promote any goods bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation or colorable imitation of Jonmor's Marks;

   b. engaging in any activity that infringes John Morrell's and/or Jonmor's rights in the Marks;

   c. engaging in any activity constituting unfair competition with John Morrell and/or Jonmor;

   d. making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, franchised by or associated, affiliated or otherwise connected with Jonmor and/or its licensee John Morrell or (ii) John Morrell's goods are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Defendant;

    e. using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associate such business, goods and/or services with Jonmor and/or its licensee John Morrell or tend to do so;

    f. registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the Infringing Mark or any other mark that infringes or is likely to be confused with Jonmor's Marks; and

    g. aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

    3. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Jonmor and/or John Morrell.

    4. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials that feature or bear any designation or mark incorporating the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Jonmor's Marks, and to direct all distributors, retailers, wholesalers and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell or

offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials featuring or bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Jonmor's Marks, and to immediately remove them from public access and view.

5. Directing Defendant to formally abandon with prejudice any and all of its applications to register the Infringing Mark or any mark consisting of, incorporating or containing Jonmor's Marks or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

6. Directing Defendant to cancel with prejudice any and all of its registrations for the Infringing Mark or any mark consisting of, incorporating or containing Jonmor's Marks or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

7. Directing Defendant, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

8. Awarding Jonmor and John Morrell an amount up to three times the amount of their actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

9. Directing that Defendant account to and pay over to Jonmor and/or John Morrell all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15

U.S.C. § 1117(a)) enhanced as appropriate to compensate Jonmor and/or John Morrell for the damages caused thereby.

10. Awarding Jonmor and/or John Morrell punitive and exemplary damages as the court finds appropriate to deter any future wilful infringement.

11. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Jonmor and/or John Morrell their costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

12. Awarding Jonmor and/or John Morrell interest, including prejudgment and post-judgment interest, on the foregoing sums.

13. Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Bryce A. Lenox (Ohio 0069936)
Trial Attorney
THOMPSON HINE LLP
312 Walnut Street, 14th Floor
Cincinnati, Ohio 45208
Telephone: (513) 352-6675
Facsimile: (513) 241-4771

Attorney for John Morrell & Co. and Jonmor Investments, Inc.

OF COUNSEL:

Tracy Zurzolo Quinn
Carl H. Pierce
REED SMITH LLP
1717 Arch St., Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420
tquinn@reedsmith.com
cpierce@reedsmith.com

Darren Cohen
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
dcohen@reedsmith.com

# EXHIBIT 1

# United States of America
## United States Patent and Trademark Office

## SMOKED FOR HOURS READY IN MINUTES

**Reg. No. 3,951,113**  JONMOR INVESTMENTS, INC. (DELAWARE CORPORATION)
103 BAYNARD BUILDING
**Registered Apr. 26, 2011**  3411 SILVERSIDE ROAD
WILMINGTON, DE 19810
**Int. Cl.: 29**

FOR: POULTRY, IN CLASS 29 (U.S. CL. 46).

**TRADEMARK**  FIRST USE 1-24-2011; IN COMMERCE 1-24-2011.

**PRINCIPAL REGISTER**  THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-204,149, FILED 6-12-2007.

SKYE YOUNG, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# EXHIBIT 2

Int. Cl.: 29

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 3,641,131
Registered June 16, 2009

## TRADEMARK
### PRINCIPAL REGISTER

SMOKED FOR HOURS, READY IN MINUTES

JONMOR INVESTMENTS, INC. (DELAWARE CORPORATION)
103 BAYNARD BUILDING
3411 SILVERSIDE ROAD
WILMINGTON, DE 19810

  FOR: MEAT, PORK, IN CLASS 29 (U.S. CL. 46).

  FIRST USE 10-0-2007; IN COMMERCE 10-0-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-977,053, FILED 6-12-2007.

PAULA MAHONEY, EXAMINING ATTORNEY

# EXHIBIT 3







Curly's Barbecue items are carefully trimmed, then slow smoked over natural hardwoods for a rich, smoky BBQ experience.

ITEM 579206

7 04051 70300 1

Smoked for Hours. Ready in Minutes.



**HEATING DIRECTIONS**

**MICROWAVE OVEN:**
1. Remove outer sleeve.
2. Puncture 4 small holes in plastic pouch.
3. Put plastic pouch inside black tray and place in microwave.
4. Heat on high for approximately 5 minutes or until hot.
5. Let stand for 2 minutes. Cut open pouch and pour into tray. Stir contents. Serve and enjoy!

ALL MICROWAVE OVENS VARY. TIMES GIVEN ARE APPROXIMATE.

**STOVE TOP:**
1. Place pouch in boiling water for 8 to 10 minutes.
2. Carefully remove product from water and towel dry.
3. Open bag and place contents in black tray or suitable container.

USE CAUTION AS CONTENTS ARE HOT!

**INGREDIENTS:** Beef Brisket, Water, Contains 2% or Less of Salt, Sugar, Spices, Paprika.

CURLY'S FOODS
1000 CUNNINGHAM DRIVE
SIOUX CITY, IA 51106
www.curlys.com

# EXHIBIT 4

